# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARLENA TITUS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0313**  (BOR Appeal No. 2047700)
(Claim No. 2009095046)

**OBERMEYERS FLORIST, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carlena Titus, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Obermeyers Florist, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2013, in which the Board affirmed a September 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 4, 2011, decision granting Ms. Titus an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Titus was injured on December 19, 2008, when she slipped on a mat and fell onto her right shoulder, and the claim was held compensable for a fracture of the greater tuberosity of the right humerus. On January 7, 2009, George Herriott, M.D., performed an open reduction/internal fixation to repair the fracture. Following the January 7, 2009, surgery, Ms. Titus continued to experience pain in the right shoulder. After determining that the greater humeral tuberosity in Ms. Titus's right shoulder had fragmented, Dr. Herriott performed a hardware removal, rotator cuff repair, and debridement of the subacromial scar on June 8, 2009.

1

On April 8, 2010, James Dauphin, M.D., performed an independent medical evaluation to determine the amount of permanent impairment resulting from the December 19, 2008, injury and recommended an 8% permanent partial disability award. On May 4, 2011, the claims administrator granted Ms. Titus an 8% permanent partial disability award based on Dr. Dauphin's recommendation. Bruce Guberman, M.D., performed an independent medical evaluation on September 14, 2011. He concluded that Ms. Titus has 13% whole person impairment arising from range of motion abnormalities in the right shoulder, with 12% impairment attributable to the December 19, 2008, injury and 1% impairment attributable to a 2007 right shoulder injury which also required a surgical repair. Because Ms. Titus had already received an 8% permanent partial disability award, Dr. Guberman recommended an additional 4% permanent partial disability award. On May 14, 2012, ChuanFang Jin, M.D., performed an independent medical evaluation. She also apportioned for the 2007 injury, and found that Ms. Titus has 7% whole person impairment as a result of the December 19, 2008, injury.

In its Order affirming the claims administrator's May 4, 2011, decision, the Office of Judges held that the evidence of record demonstrates that Ms. Titus sustained 8% whole person impairment as a result of the December 19, 2008, injury. Ms. Titus disputes this finding and asserts, per the opinion of Dr. Guberman, that she is entitled to an additional 4% permanent partial disability award.

The Office of Judges noted that Ms. Titus sustained a significant injury to her right shoulder prior to the December 19, 2008, injury that required a surgical repair. The Office of Judges then found that the opinions of Dr. Dauphin and Dr. Jin are more persuasive than the opinion of Dr. Guberman. The Office of Judges further found that given the pre-existing injury, combined with Dr. Dauphin's and Dr. Jin's opinions, Dr. Gurberman's recommendation regarding impairment attributable to the December 19, 2008, injury is disproportionately high. The Board of Review reached the same reasoned conclusions in its decision of February 27, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum